ALEXANDER B. TRUEBLOOD (TX Bar No. 24100609)
TRUEBLOOD LAW FIRM
700 Lavaca Street, Suite 1400
Austin, TX 78701-3102
Telephone: (512) 537-0388
Facsimile: (512) 582-8516
Email: alec@hush.com

Attorneys for Plaintiff
SHAMESKIE GRAY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION

| | |
|---|---|
| SHAMESKIE L. GRAY, | Case No: 4:17-CV-2353 |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| vs. | |
| CRESENCIO MOLINA DBA TEXAS ADJUSTERS, | |
| Defendant. | |

Plaintiff Shameskie L. Gray hereby complains against defendant Cresencio Molina dba Texas Adjusters ("Texas Adjusters"), and alleges on information and belief as follows:

## OPERATIVE FACTS

1. On or about December 9, 2015, plaintiff purchased a 2013 Honda Civic from Joe Meyer's Automotive, LLC located in Houston, Texas. Plaintiff intended to use the vehicle primarily for personal, family or household purposes. The dealership took a security interest in the vehicle. A lender, Consumer Mortgage Company, took assignment of the installment sales contract from the dealership.

2. Plaintiff fell behind on her payments, and Consumer Mortgage hired a repossession company, defendant Cresencio Molina dba Texas Adjusters, to repossess plaintiff's vehicle. Texas Adjusters repossessed plaintiff's vehicle by entering plaintiff's secured and gated apartment complex, without permission. Accordingly, defendant breached the peace during the repossession, in violation of Texas Bus. & Commerce Code § 9.609(b)(2).

3. Plaintiff had personal possessions in the vehicle, which defendant failed to return to plaintiff. In violation of Texas Occupations Code § 2303.151, Texas Adjusters failed to mail plaintiff a notice by certified mail, stating the information required by Tex. Occup. Code § 2303.153, including the amounts of storage and other charges plaintiff would have to pay when the vehicle was claimed, and the location of the storage facility.

## JURISDICTION AND VENUE

4. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d).

5. Venue is proper in the Southern District of Texas because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendants are subject to the court's personal jurisdiction in this district.

# PARTIES

6. Plaintiff Shameskie T. Gray is a natural person over the age of 18 years and is a resident of the state of Texas, county of Harris.

7. Defendant Cresencio Molina is a natural person over the age of 18 years, does business as Texas Adjusters, and maintains his repossession agency business in Stafford, Texas.

8. At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiff.

## FIRST CAUSE OF ACTION
**(Against Defendant Cresencio Molina for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

9. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

10. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

11. Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

12. Defendants had no present right to repossess plaintiff's vehicle in breach of the peace, but did so in violation of Texas Bus. & Commerce Code § 9.609(b)(2).

13. Plaintiff is entitled to actual damages sustained as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. §

2

1692k.

14. Plaintiff is entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k. Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

15. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages, including economic harm and mental anguish;
2. For statutory damages;
3. For pre-judgment interest to the extent permitted by law;
4. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States and Texas constitutions.

Dated: August 1, 2017

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: _____/s/_____
Alexander B. Trueblood

Attorney-In-Charge for Plaintiff
SHAMESKIE GRAY

TX Bar No. 24100609
SD TX Bar No. 2789549
700 Lavaca Street, Suite 1400
Austin, TX 78701-3102
Telephone: (512) 537-0388
Facsimile: (512) 582-8516