UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SHAMESKIE L. GRAY,** *Plaintiff* | § § § § | |
| v | § § | CIVIL ACTION NO. 4:17-CV-02353 |
| **1 TEXAS ADJUSTERS, LLC** *Defendant* | § § § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's November 30, 2017 Notice of Resetting for the Initial Conference, Plaintiff, Shameskie L. Gray and Defendant, 1 Texas Adjusters, LLC, (together, the "Parties") submit this Joint Discovery/Case Management Plan.

**1. State where and when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.**

The Parties conducted the Rule 26(f) Initial Conference on December 27, 2017, commencing at 11:10 a. m., via telephone through counsel identified below.

    John P. Abbey
    TBA # 00789010
    Federal ID No.: 10812
    jabbey@tsslawfirm.com
    TAUNTON, SNYDER & SLADE, P.C.
    580 Westlake Park Blvd., Suite 1120
    Houston, Texas 77079
    Tel:  713-993-2376
    Fax:  713-993-2308

Alexander B. Trueblood
alec@hush.com
Texas Bar No. 24100609
TRUEBLOOD LAW FIRM
700 Lavaca Street, Suite 1400
Austin, Texas 78701-3102
*Attorney in Charge for Plaintiff*

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None; however, a related Arbitration is pending in the case of; JAMS Arbitration, Reference No. 1310023270, *Shameskie L. Gray vs Consumer Mortgage Company;* Complaint for: (1) Violations of the Uniform Commercial Code under Tex. Bus. & Comm. Code §§ 9.610, 9.611, 9.612 and 9.623 (2) Violations of the Texas Motor Vehicle Installment Sales Act under Tex. Fin. Code § 348.001 *et seq.*; and (3) Breach of Contract.

3. **Briefly describe what this case is about.**

   Plaintiff had an automobile loan with a third-party lender, Consumer Mortgage Company ("CMC"). CMC claims it held a security interest in Plaintiff's vehicle. CMC hired Defendant Texas Adjusters, a repossession agency, to conduct a repossession. Plaintiff alleges that Texas Adjusters breached the peace while repossessing her vehicle by entering into a gated apartment complex where Plaintiff resided and where Plaintiff's vehicle was located. Plaintiff alleges that the breach of the peace was a violation of the Fair Debt Collection Practices Act. Defendant denies any and all of the Plaintiff's allegations concerning breach of the peace or violations of any State or Federal statutes.

4. **Specify the allegation of federal jurisdiction.**

   Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1692k(d), the Fair Debt Collection Practices Act.

5. **Name the parties who disagree and the reasons.**

   No Parties disagree over any allegations of federal jurisdiction.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None are anticipated.

7. **List anticipated interventions.**

No interventions are anticipated.

**8.   Describe class-action issues.**

No class-action issues exist for this case.

**9.   State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Defendant served its Rule 26(a) initial disclosures on October 17, 2017. The Plaintiff has not served her disclosures, but will have done so by the time of the scheduling conference.

**10.   Describe the proposed agreed discovery plan, including:**

   **(A)   Responses to all the matters raised in Rule 26(f).**

   (a)   The Parties have agreed to exchange the initial disclosures required by Rule 26(a) on or before January 12, 2018.

   (b)   The Parties believe that discovery should be completed by December 31, 2018, and do not believe that discovery should be conducted in phases or be limited to or focused on particular issues other than relevancy to the case. The Parties, moreover, understand that the Court will enter a scheduling order and set a discovery cutoff accordingly.

   **(B)   When and to whom the Plaintiff anticipates it may send interrogatories.**

   The Plaintiff anticipates sending interrogatories to the Defendant within the time proscribed by the discovery period set forth in the Court's Scheduling Order.

   **(C)   When and to whom the Defendant anticipates it may send interrogatories.**

   The Defendant anticipates sending interrogatories to the Plaintiff within the time proscribed by the discovery period set forth in the Court's Scheduling Order.

   **(D)   Of whom and by when the Plaintiff anticipates taking oral depositions.**

   Plaintiff anticipates taking the deposition of the tow truck driver who entered her apartment complex, that person's supervisor, Consumer Mortgage's Corporate Representative, and Defendant's Corporate

Representative, within the time proscribed by the discovery period set forth in the Court's Scheduling Order. Plaintiff may also take depositions of other consumers whose vehicles were taken in breach of the peace by defendant.

**(E)   Of whom and by when the Defendant anticipates taking oral depositions.**

Defendant anticipates taking the Plaintiff's deposition within the time proscribed by the discovery period set forth in the Court's Scheduling Order.

**(F)   When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

The Plaintiff shall designate her experts and provide the reports required by Rule 26(a)(2)(B) by November 1, 2018. The Defendant shall designate its experts and provide the reports required by Rule 26(a)(2)(b) by December 3, 2018.

**(G)   List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking the depositions of any experts designated by the Defendant within the time proscribed by the scheduling order entered by the Court.

**(H)   List expert deposition the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendant anticipates taking the depositions of any experts designated by the Plaintiff within the time proscribed by the scheduling order entered by the Court.

**11.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The Parties are agreed on this discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    No discovery has yet occurred in this case.

13. **State the date the planned discovery can reasonably be completed.**

    The Parties believe discovery can reasonably be completed by December 31, 2018. The Parties, moreover, understand that the Court will enter a scheduling order and the discovery cutoff will be set accordingly.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The Parties have discussed the possibility of a prompt resolution, and are in the process of settlement discussions.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Plaintiff will have made an initial settlement demand by the time of the scheduling conference. All parties are agreeable to a private mediation if attempts to settle amongst the attorneys are unsuccessful.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The Parties believe that mediation with an agreed third-party mediator is an alternative dispute resolution technique that is reasonably suitable for this matter.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The Parties do not consent to a trial before a magistrate judge

18. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff made a jury demand in its First Amended Complaint for Violations of the Fair Debt Collection Practices Act (Document 4) filed on August 10, 2017. Defendant made a jury demand in its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (Document 7), filed on October 3, 2017. The Parties do not contest the timeliness of these jury demands.

19.  **Specify the number of hours it will take to present the evidence in this case.**

   The Parties anticipate that the case will require a three day jury trial.

20.  **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   None.

21.  **List other pending motions.**

   None.

22.  **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

   None.

22.  **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

   Counsel's contact information is provided directly below.

   Respectfully submitted,

   **TAUNTON, SNYDER & SLADE, P.C.**

   */s/ John P. Abbey*
   John P. Abbey
   TBA # 00789010
   Federal ID No.: 10812
   jabbey@tsslawfirm.com
   Mark M. Appling
   TBA # 24088857
   Federal ID No.: 2513903
   mappling@tsslawfirm.com
   580 Westlake Park Blvd., Suite 1120
   Houston, Texas   77079
   713/961-5800
   FAX 713/993-2308
   **Attorneys for Defendant,**
   **1 Texas Adjusters, LLC**

TRUEBLOOD LAW FIRM

*/s/ Alexander B. Trueblood*
Alexander B. Trueblood
alec@hush.com
Texas Bar No. 24100609
TRUEBLOOD LAW FIRM
700 Lavaca Street, Suite 1400
Austin, Texas 78701-3102
**Attorney in Charge for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all parties and/or their counsel of record pursuant to the filing requirements of the *Federal Rules of Civil Procedure,* on this the 27th day of December 2017.

*/s/ John P. Abbey*
John P. Abbey